# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **BIG THIRST, INC.,** | § | |
| *Plaintiff and Counter-Defendant* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **LAUREN WYLIE DONOHO,** | § | |
| *Defendant, Counter-Plaintiff,* | § | **CIVIL NO. 1-22-CV-467-RP** |
| *and Cross-Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **MATT MCGINNIS, SUZANNE** | § | |
| **MCGINNIS, and MARK SHILLING,** | § | |
| *Cross-Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE ROBERT PITMAN
### UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Emergency Motion for Enforcement of Temporary Injunction and Contempt Orders and for Contempt and Sanctions, filed May 27, 2022 (Dkt. 16); Defendant's Response, filed June 9, 2022 (Dkt. 18); Plaintiff's Reply, filed June 16, 2022 (Dkt. 22); and the parties' briefing on Defendants' surresponse and supplemental brief, addressed below.[1]

By text order entered June 10, 2022, the District Court referred Plaintiff's Motion to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on Plaintiff's Motion on June 23, 2022. Recognizing that a Magistrate Judge's authority in civil contempt actions is limited under Section 636(e)(6)(B)(iii), the Court issues the following Report and Recommendation.

---

[1] Plaintiff's Motion to Dismiss Counterclaims, filed June 2, 2022 (Dkt. 17), is not referred.

## I.   Order

The Court hereby **GRANTS** Defendant's Unopposed Motion for Leave to File Surresponse, filed June 23, 2022 (Dkt. 32), and Defendant's Opposed Motion for Leave to File Supplemental Brief on Plaintiff's Motion for Emergency Enforcement of Temporary Injunction and Contempt Orders and for Contempt and Sanctions, filed June 24, 2022 (Dkt. 34). The Clerk shall file Defendant's Surreply (Dkt. 32-1) and Supplemental Brief (Dkt. 34-1). As stated on the record during the hearing on Plaintiff's Motion, Defendant's Motion for Leave to File Surresponse, filed June 22, 2022 (Dkt. 26), is **DENIED** for failure to confer as required under Local Rule 7(g).

## II.   Background

In early 2021, Defendant Lauren Wylie Donoho and Cross-Defendant Matt McGinnis began developing an e-commerce platform for the liquor industry, which was formed as Plaintiff Big Thirst, Inc. in March 2021. Dkt. 2 (Donoho Counterclaim and Cross-Complaint) ¶¶ 10-14. Donoho and McGinnis each contend that they developed the Big Thirst concept.

Donoho alleges that, from January to October 2021, she worked full-time without compensation developing the "tech stack" for the new platform, including the website bigthirst.com, all software applications, and the source code for the order management and fulfillment system. *Id.* ¶¶ 18-19. Big Thirst alleges that Donoho developed a data dashboard that provides data analytics to customers and operates in conjunction with third-party software applications including Shopify, which creates the Big Thirst shopping cart. Dkt. 1-1 (Plaintiff's Original Petition) ¶¶ 3.01, 3.04.

McGinnis is Big Thirst's CEO. *Id.* ¶ 3.12. Donoho, who owned 27% of the company's stock, alleges that she contributed 90% of Big Thirst's working capital, never had an employment agreement with the company, and never assigned nor licensed to it any of her intellectual property. Dkt. 2 ¶¶ 17, 19.

An ownership dispute arose between McGinnis and Donoho when Big Thirst sought a loan from the Small Business Administration. *Id.* ¶ 20. Big Thirst alleges that Donoho demanded a majority ownership interest in the company and exclusive control and threatened that otherwise, she would shut down the data dashboard, which: "For all intents and purposes, [ ] shuts down the company, and destroys Big Thirst, Inc.'s relationships with its customers and its reputation." Dkt. 1-1 ¶ 3.07. Donoho alleges that due to the dispute, she "was forced to resign her 'title' of Chief Operating Officer and her position as a Director of Big Thirst" on April 7, 2022. Dkt. 2 ¶ 22. Big Thirst alleges that McGinnis lost access to the data dashboard the same day. Dkt. 1-1 ¶ 3.12.

Big Thirst filed this lawsuit against Donoho on April 11, 2022. *Big Thirst, Inc. v. Lauren Wylie Donoho*, Cause No. D-1-GN-22-001678 (459th Civil District Court, Travis County, Texas). Dkt. 1-1. Big Thirst alleged a sole claim of breach of fiduciary duty and requested temporary and permanent injunctive relief, including a temporary restraining order ("TRO"). *Id.*

The next day, the state court entered a TRO ordering Donoho to, *inter alia*: "Restore Big Thirst, Inc.'s data dashboard to fully functioning status as it was on April 1, 2022" and provide "all administrative log-in credentials for all software owned by Big Thirst, Inc. and intellectual property labeled as belonging to Big Thirst, Inc." Dkt. 1-4 at 1. The TRO expired on April 25, 2022. *Id.* The same day, Big Thirst filed a motion for contempt of the TRO, contending that Donoho had refused to "return the dashboard as it was prior to April 1, 2022" and provide all of the log-in credentials as ordered. Dkt. 1-7 ¶ 2.01.

The state court entered a temporary injunction on April 26, 2022. Dkt. 1-6. The court found that "Defendant's conduct, unless enjoined, will cause irreparable harm to Plaintiff in that it will lose reputation and goodwill at the critical start-up time in its corporate existence. Unless enjoined it is likely that Defendant's conduct will result in the inability of Plaintiff to continue its

operations." *Id.* at 1. The state court further found that Big Thirst's operations were shut down;

that unless it enjoined Donoho, Big Thirst "will be unable to support its customers and their use

of the data dashboard, Plaintiff's key product"; and that: "To continue to operate, Big Thirst, Inc.

needs the data dashboard to be returned to fully functioning status as it was on April 1, 2022." *Id.*

at 2-3. Pending trial on the merits, the state court enjoined Donoho as follows:

1. Restore Big Thirst, Inc.'s data dashboard to fully functioning status as it was on April 1, 2022, including but not limited to returning Google Analytics, Google Ads, Facebook A[d]s, and Mailchimp analytics;

2. Forward all emails that Defendant re-routed from a Big Thirst, Inc. email account to her personal email account to help@bigthirst.com;

3. Provide Big Thirst, Inc. with all administrative log-in credentials for all software and intellectual property owned by Big Thirst, Inc., labeled as belonging to Big Thirst, Inc., paid for from a Big Thirst, Inc. bank account, or ordered on behalf of Big Thirst, Inc., including but not limited to:

   a. GoDaddy,
   b. Shipstation,
   c. Quickbooks,
   d. Stripe,
   e. Paypal,
   f. Shopify,
   g. Panoply.io,
   h. Auth0.com,
   i. https://gobigthirst.herokuapp.com,
   j. Cumul.io,
   k. BigThirst.com,
   l. WIP for bigthirst.com, and
   m. Klavyio,

4. All parties are prohibited from changing, modifying, copying, selling, or providing access to third parties to any intellectual property owned or allegedly owned by the company. This prohibition does not exclude use by customers as used prior to April 1, 2022.

*Id.* at 2-3.

Meanwhile, Donoho registered the website bigthirst.com and the order management and

fulfillment system computer program with the United States Copyright Office, effective April 27

and April 26, 2022, respectively. Dkts. 18-2, 18-3.

The state court held a hearing on Big Thirst's motion for contempt of the TRO on April 29, 2022, and granted the motion in part on May 12, 2022. Dkt. 1-9. The state court found that Donoho "engaged in knowing, ongoing, and continuous contempt of the Temporary Restraining Order," and that her contempt of court had impaired Big Thirst's ability to continue operations. *Id.* at 1. The court fined Donoho $500. *Id.* at 2.

Also on May 12, 2022, Donoho removed Big Thirst's action to this Court and filed a counterclaim and cross-complaint against Big Thirst and its three directors: McGinnis, his wife Suzanne McGinnis, and Mark Shilling. Dkts. 1, 2. Donoho asserts counterclaims and cross-claims for copyright infringement against Big Thirst; contributory copyright infringement, conspiracy, and fraud by nondisclosure against McGinnis, Suzanne McGinnis, and Shilling; conversion against Big Thirst and McGinnis; and minority shareholder oppression, breach of fiduciary duty, and fraud against McGinnis.

One entity included in the state court's administrative log-in credentials order is Cumul.io, which aggregates data and hosts Big Thirst's dashboard. Dkt. 1-6 ¶ 3(j). Donoho provided account credentials, but on May 18, 2022, she also sent Cumul.io a notice of copyright infringement and request for removal of infringing material pursuant to the Digital Millennium Copyright Act ("DMCA"), commonly known as a DMCA takedown request. Dkt. 16-3. The takedown took effect on May 24, 2022, "essentially locking Big Thirst out of the Cumul.io account," which Big Thirst alleges "has restricted its ability to deliver services to its clients." Dkt. 22 at 3-4.

Contending that Donoho still has not fully complied with the temporary injunction and contempt order entered by the state court, Big Thirst now asks the Court to order her to comply with those orders and show cause why she should not be held in civil and criminal contempt, and to impose sanctions and award its attorneys' fees. Donoho opposes Big Thirst's Motion.

### III.   Legal Standards

Title 28 U.S.C. Section 1450 provides that, for any action removed from a state court to a United States district court: "All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Accordingly, the temporary injunction and contempt order issued in this case by the 459th District Court of Travis County, Texas, remain in effect.

Federal courts have the inherent power to punish for contempt. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Travelhost, Inc. v. Blandford,* 68 F.3d 958, 961 (5th Cir. 1995). The moving party bears the burden of proving civil contempt, by clear and convincing evidence. *Topletz v. Skinner*, 7 F.4th 284, 299 (5th Cir. 2021); *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009). The movant must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Whitcraft*, 570 F.3d at 271-72.

> Clear and convincing evidence is that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of precise facts of the case.

*Shafer v. Army & Air Force Exch. Serv.,* 376 F.3d 386, 396 (5th Cir. 2004) (cleaned up).

Though the court order allegedly violated must be clear, a court "need not anticipate every action to be taken in response to its order, nor spell out in detail the means in which its order must be effectuated." *Am. Airlines, Inc. v. Allied Pilots Ass'n,* 228 F.3d 574, 578 (5th Cir. 2000).

> The order must "state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required," Fed. R.

6

> Civ. P. 65(d), but a district court is entitled to a degree of flexibility in vindicating its authority against actions that, while not expressly prohibited, nonetheless violate the reasonably understood terms of the order.

*Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013).

A civil contempt fine must be either compensatory or coercive. *Shafer*, 376 F.3d at 398 (citing *Int'l Union, U.S. Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994) and *Am. Airlines*, 228 F.3d at 585). The Fifth Circuit requires that the district court use "the least onerous sanction which will address the offensive conduct." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 (5th Cir. 2011) (quoting *Gonzalez v. Trinity Marine Grp.*, 117 F.3d 894, 899 (5th Cir. 1997)).

A magistrate judge has limited authority to hold a respondent in civil contempt:

> [I]n any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . .
>
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii). A magistrate judge "may only certify to the district court (or deny certification of) facts possibly constituting contempt." *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). Accordingly, pursuant to Sections 636(b)(3) and 636(e)(6)(B)(iii), a magistrate judge has "the requisite constitutional and statutory authority" to issue a report and recommendation on a motion for contempt. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995).

## IV. Analysis

Big Thirst argues that Donoho was too slow to comply with the state court TRO and temporary injunction, necessitating three state court hearings, for which it has spent $43,000. Nonetheless, Big Thirst identifies only three remaining aspects of the temporary injunction with which Donoho allegedly has failed to comply: (1) access to Cumul.io; (2) the password to gobigthirst@gmail.com; and (3) Google Ad Manager for Big Thirst customer Maverick Whiskey.

The Court finds that each of these issues pertains to the requirements of Paragraph 1 of the temporary injunction: "Restore Big Thirst, Inc.'s data dashboard to fully functioning status as it was on April 1, 2022, including but not limited to returning Google Analytics, Google Ads, Facebook A[d]s, and Mailchimp analytics." Dkt. 1-6 at 2. The three outstanding disputes are addressed in reverse order below.

### A. Maverick Whiskey

The Court finds that Paragraph 1 of the temporary injunction requires Donoho to provide Big Thirst with access to Google Analytics and Google Ads for its customers. At the hearing, Donoho testified and offered evidence that Big Thirst actually can access Google Ad Manager, and that McGinnis and others at the company logged in to the Google Ads account for Maverick Whiskey in June 2022. Exh. D-2, Dkt. 30-1 at 2. Based on this evidence, the Court finds that Big Thirst has not made a prima facie showing that Donoho has violated the temporary injunction with respect to Maverick Whiskey.

### B. Password to gobigthirst@gmail.com

Donoho testified at the hearing that she has not provided the password to gobigthirst@gmail.com because it is her personal email account, does not belong to Big Thirst, and was not specified in the TRO or temporary injunction. Big Thirst argues that this email account "controls Big Thirst's administrative access to Google Ads and Google Analytics." Dkt. 22 at 5.

While ownership of the email account may be decided by this litigation, the Court finds that Big Thirst has made a prima facie showing that access to the account is necessary for it to return Google Analytics and Google Ads to its data dashboard, as required under Paragraph 1 of the temporary injunction. Accordingly, Big Thirst has made a prima facie case showing that Donoho has violated the injunction by declining to provide the password to gobigthirst@gmail.com.

### C.  Cumul.io Takedown

Finally, the Court turns to the dispute concerning Cumul.io, which Big Thirst characterizes as its most critical concern. The parties agree that Donoho provided administrative log-in credentials for Cumul.io, as required under Paragraph 3(j) of the temporary injunction, no later than May 23, 2022[2] – five days after she submitted the DMCA takedown request. Exh. P-3, Dkt. 31-1 at 7; Exh. P-15, *id.* at 32. McGinnis testified that the company cannot access the dashboard because Cumul.io implemented the takedown request on May 24, 2022, the day after McGinnis received the credentials. Exh. P-4, Dkt. 31-1 at 8-10. Big Thirst asks the Court to order Donoho to withdraw the takedown notice.

Donoho testified at the hearing that the data dashboard is not necessary for Big Thirst to operate and fulfill orders. She further testified that McGinnis's own actions disabled the dashboard; by moving it to a different domain, she averred, McGinnis broke links critical to its operation. Donoho also testified, however, that she knew the dashboard could not be seen due to the DMCA takedown by host Cumul.io in response to her request. Donoho testified that she has done nothing to disable the dashboard "with the exception of the DMCA."

As stated above, in Paragraph 1 of the temporary injunction, the state court ordered Donoho to "[r]estore Big Thirst, Inc.'s data dashboard to fully functioning status as it was on April 1, 2022."

---

[2] Donoho submitted evidence that she had provided the password repeatedly, but access expired when McGinnis did not promptly log in to the account.

Case 1:22-cv-00467-RP Document 36 Filed 07/02/22 Page 10 of 12

Dkt. 1-6 at 1. Considering the evidence and arguments of both parties, the Court finds that Big Thirst has made a prima facie showing that Donoho violated the terms of the temporary injunction as "reasonably understood" by asking Cumul.io to take down the order management and fulfillment system computer program hosted on the Big Thirst account, thereby disabling access to the dashboard. *Hornbeck*, 713 F.3d at 792.

Donoho contends that: "Nothing in the Temporary Injunction prohibited Mrs. Donoho from enforcing her rights under the Copyright Act to prevent unauthorized use of the Donoho Copyrighted Works." Dkt. 32-1 at 3. The Court disagrees. The state court clearly stated in the temporary injunction that: "To continue to operate, Big Thirst, Inc. needs the data dashboard to be returned to fully functioning status as it was on April 1, 2022." Dkt. 1-6 at 3. Donoho testified that she will suffer irreparable injury if Big Thirst continues to use her copyrighted material while this case is pending. But ownership of the intellectual property used by Big Thirst and the fiduciary duties of the parties are to be decided through this action.

By Donoho's own testimony, Big Thirst has made a prima facie case that she violated the temporary injunction by requesting a DMCA takedown of the Cumul.io site hosting the dashboard, and that she knew the takedown would prevent its display. As the Honorable Cleve Doty, who presided over the state court hearing on Big Thirst's motion to enforce the TRO, warned Donoho: "Please fully comply with these orders. Even though you don't agree with them, [ ] you may still argue . . . as to what happens in the final judgment." Dkt. 22-1 at 65:16-20. The undersigned Magistrate Judge therefore recommends that the District Court (1) order Donoho to withdraw the DMCA takedown request, and (2) impose a civil contempt fine to compensate Big Thirst for the attorneys' fees it has incurred to enforce the state court temporary injunction since May 18, 2022, the date Donoho submitted the DMCA takedown request to Cumul.io.

10

## V.   Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6), the undersigned Magistrate Judge certifies the facts stated in this Order and Report and Recommendation to the Honorable Robert Pitman and makes the following recommendation.

## VI.   Recommendation

For the foregoing reasons, the undersigned Magistrate Judge finds that Big Thirst has made a prima facie case showing that the Temporary Injunction issued April 26, 2022 and the Contempt Order issued May 12, 2022 were in effect, that the orders required certain conduct by Donoho, and that she has failed to comply with those orders fully, as detailed above.

The Court therefore **RECOMMENDS** that Plaintiff's Emergency Motion for Enforcement of Temporary Injunction and Contempt Orders and for Contempt and Sanctions (Dkt. 16) be **GRANTED IN PART** and that the District Court **ORDER** Lauren Wylie Donoho to appear on a date certain and show cause why she should not be held in civil contempt by reason of the foregoing certified facts. The Court further **RECOMMENDS** that, at the hearing, the District Judge will "hear the evidence as to the conduct complained of," 28 U.S.C. § 636(e)(6)(B)(iii), and impose the appropriate remedial and coercive measures to ensure Lauren Wylie Donoho's compliance with the state court's temporary injunction and contempt orders, including, but not necessarily limited to, ordering Donoho to (1) provide the password to gobigthirst@gmail.com to Big Thirst, (2) withdraw her DMCA takedown request to Cumul.io, and (3) pay a fine for civil contempt in the amount of the attorneys' fees Big Thirst has incurred to enforce the state court temporary injunction since May 18, 2022. The Court further **RECOMMENDS** that Big Thirst's conclusory request for criminal contempt sanctions be **DENIED**.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

## VII.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 2, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE