IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BIG THIRST, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | 1:22-CV-467-RP |
| | § | |
| LAUREN WYLIE DONOHO, | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| Cross-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MATT MCGINNIS, | § | |
| | § | |
| Cross-Defendant. | § | |

**ORDER**

Before the Court is Plaintiff/Counter-Defendant Big Thirst Inc.'s ("Big Thirst") Motion to Sever. (Dkt. 82). Defendant Lauren Wylie Donoho ("Donoho") filed a response, (Dkt. 85), and Big Thirst filed a reply, (Dkt. 86). Having considered the parties' submissions, the record, and the applicable law, the Court will deny the motion.

**I. BACKGROUND**

In early 2021, Defendant Lauren Wylie Donoho ("Donoho") and Cross-Defendant Matt McGinnis ("Matt") began developing an e-commerce platform for the liquor industry, which was formed as Big Thirst, Inc. in March 2021. (Counterclaim, Dkt. 2, at 3). Donoho and Matt each contend that they developed the Big Thirst concept. Donoho alleges that, from January to October 2021, she worked full-time without compensation developing the "tech stack" for the new platform, including the website bigthirst.com, all software applications, and the source code for the order management and fulfillment system. (*Id.* at 4–5). Big Thirst alleges that Donoho developed a data dashboard that provides data analytics to customers and operates in conjunction with third-party

1

software applications including Shopify, which creates the Big Thirst shopping cart. (Compl., Dkt. 1-1, at 1–2).

Matt is Big Thirst's CEO. (*Id.* at 4). Donoho alleges that she contributed 90% of Big Thirst's working capital but never had an employment agreement with the company and never assigned or licensed to it any of her intellectual property. (Counterclaim, Dkt. 2, at 4). She alleges that Matt agreed to split ownership of the company 50/50, but secretly set up Big Thirst with himself as the sole owner. (*Id.* at 4). An ownership dispute arose between Matt and Donoho when Big Thirst sought a loan from the Small Business Administration. (*Id.* at 5). Big Thirst alleges that Donoho demanded a majority ownership interest in the company and exclusive control and threatened that otherwise, she would shut down the data dashboard, which: "For all intents and purposes, [] shuts down the company, and destroys Big Thirst, Inc.'s relationships with its customers and its reputation." (Dkt. 1-1, at 3–4). Donoho alleges that due to the dispute, she "was forced to resign her 'title' of Chief Operating Officer and her position as a Director of Big Thirst" on April 7, 2022. (Counterclaim, Dkt. 2, at 6). Big Thirst alleges that Matt lost access to the data dashboard the same day. (Dkt. 1-1, at 4).

Big Thirst filed this lawsuit against Donoho in state court on April 11, 2022. (Original Complaint, Dkt. 1-1). Big Thirst asserted a single claim of breach of fiduciary duty and requested temporary and permanent injunctive relief, including a temporary restraining order ("TRO"). (*Id.*). After the state court granted Big Thirst's motion for a TRO, Donoho removed Big Thirst's action to this Court on May 12, 2022. (Notice, Dkt. 1). The same day, Donoho filed a crossclaim against Big Thirst, as well as its three directors: Matt McGinnis, his wife Suzanne McGinnis, and Mark Shilling. (Counterclaim, Dkt. 2). Donoho asserts counterclaims and cross-claims for copyright infringement against Big Thirst; contributory copyright infringement, conspiracy, and fraud by nondisclosure

against Matt, Suzanne McGinnis, and Shilling; conversion against Big Thirst and Matt; and minority shareholder oppression, breach of fiduciary duty, and fraud against Matt. (*Id.*).

After Donoho removed the case, a flurry of cross-motions followed, with Big Thirst and Donoho accusing each other of violating the state court's injunction. (Mot. Show Cause, Dkt. 16; Mot. Sanctions, Dkt. 57). The Court held several hearings on the motions, (Dkts. 28, 45, 70), and ultimately issued an order on January 4, 2023, finding that Donoho was in civil contempt and had violated the injunction by refusing to provide Big Thirst with access to the "gobigthirst@gmail.com" account and by filing a DMCA takedown request regarding Big Thirst's Cumul.io account. (Order, Dkt. 78). Because the Court could not readily determine the financial harm incurred by Big Thirst to its business, the Court opted to instead award Big Thirst the attorneys' fees incurred in pursuing its civil contempt claim. (*Id.* at 13–15). Ultimately, the Court awarded Big Thirst $80,137.50 in attorneys' fees as compensation for Donoho's violation of the injunction. (*Id.* at 19).

On March 7, 2023, Big Thirst filed a motion to sever and enter final judgment on its claims for civil contempt.[1] (Mot. Sever, Dkt. 82). It asks the Court to separate its award of attorneys' fees and enter final judgment on that claim, so that it may enforce the order prior to entry of final judgment on the remaining claims on the merits. (*Id.*). Donoho opposes the motion, arguing that it is nothing more than an "attempt to circumvent" having to wait until final judgment, and that such severance would be legally unprecedented. (Def.'s Resp., Dkt. 85).

## II. LEGAL STANDARD

District courts have broad discretion when deciding a motion to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Generally, courts consider the following factors when evaluating a motion to sever under Federal Rule of Civil Procedure 21: "(1) whether

---

[1] Following the order on civil contempt, the Court then issued an order granting in part and denying in part the parties' cross-motions to dismiss. (Order, Dkt. 80).

3

the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *Def. Distributed v. Bruck*, 30 F.4th 414, 431 (5th Cir. 2022).

## III. DISCUSSION

### A. Same Transaction or Occurrence

First, courts examine whether the claims arise out of the same transaction or occurrence. *Id.* Big Thirst contends that they do not, because the facts of whether Donoho breached a fiduciary duty prior to initiating the lawsuit is distinct from whether she violated the injunction after the suit was filed. (Mot. Sever, Dkt. 82, at 3). Regardless of whether Donoho's conduct took place before or after Big Thirst filed suit, the occurrence is largely the same. For example, Big Thirst alleges Donoho breached her fiduciary duty by "locking Big Thirst Inc.'s CEO out of the data dashboard and re-routing the information emails generated . . . ." (Pet., Dkt. 1-1, at 5). While Donoho's contempt occurred after the suit was filed, it is heavily related to Big Thirst's initial claim for breach of fiduciary duty. Both claims involve Donoho's refusal to provide access to accounts owned by Big Thirst. Whether Donoho should have turned over the accounts because she had a fiduciary duty or because the state court ordered her to do so, the "occurrence" is essentially the same. Indeed, as the Court noted in its order on Donoho's civil contempt, the amount of damages for losing access to the Cumul.io account are unclear, but remain available for a jury to potentially award under the claim for breach of fiduciary duty. (Order, Dkt. 78, at 13 ("It would be difficult, if not impossible, to separate the damages from the violation of the TI from damages from the other allegedly wrongful conduct.")). Therefore, the Court finds that Donoho's civil contempt arises from largely the same set of occurrences as Big Thirst's remaining claims, and the factor weighs against severance.

### B. Question of Law and Fact

Next, courts examine whether the claims present common questions of law or fact. Here, the issues of fact are similar—they involve the same parties, much of the same harm incurred, and examine whether Big Thirst was hurt by its inability to access its corporate accounts. And Donoho's ongoing conduct after the state court issued its injunction will involve essentially the same facts that Big Thirst must show to win damages for the ongoing effects of its breach of fiduciary duty claim. Thus, the factor also weighs against transfer.

### C. Prejudice to Big Thirst

Big Thirst claims that it will "be prejudiced if its claim for contempt is not severed because it will be unable to enforce the Court's order awarding attorneys' fees until such order is reduced to final judgment." (Mot. Sever, Dkt. 82, at 3). However, Big Thirst does not expand on why this wait should prove so prejudicial. It is only a question of when, not if, Big Thirst may collect on its claim for contempt, and Big Thirst presents no special reason why waiting for final judgment should be especially prejudicial. Big Thirst does not state a special need for the capital immediately, nor a fear that Donoho will lose the ability to pay. And upon final judgment, Big Thirst may request pre-judgment interest. Finding no substantial prejudice, the factor weighs against severance.

As to the third and fifth factors, Big Thirst contends that they are neutral. (*Id.* at 4 n.1). The Court agrees, as the contempt issue has been resolved and would neither affect judicial economy nor the availability of witnesses.

In sum, Big Thirst has not shown that the severance factors weigh in its favor. And while Big Thirst cites several cases where a court severed contempt claims from the claims on the merits, each of those had specific circumstances that uniquely warranted severance. In *Am. Airlines, Inc. v. Allied Pilots Ass'n*, the district court severed contempt claims, but only against certain defendants who had failed to appear at all. No. 7:99-CV-025-X, 1999 WL 66188, at *2 (N.D. Tex. Feb. 13,

1999). And in *Flexible Innovations Ltd. v. IdeaMax*, the district court severed the contempt claims after finding that it lacked personal jurisdiction over the defendants for the remaining claims on the merits. No. 4:14-CV-321-A, 2014 WL 5530253, at *1 (N.D. Tex. Oct. 31, 2014). Unlike these cases, Big Thirst has not shown any unique circumstances which might otherwise justify severing the contempt claim. Therefore, because Big Thirst has not shown substantial prejudice, and the civil contempt claims are interrelated with Big Thirst's remaining claims on the merits, the Court will deny the motion to sever.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Big Thirst's motion to sever, (Dkt. 82), is **DENIED**.

**SIGNED** on May 11, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE