IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BIG THIRST, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | 1:22-CV-467-RP |
| | § | |
| LAUREN WYLIE DONOHO, | § | |
| | § | |
| Defendant/Counter-Plaintiff, | § | |
| Cross-Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MATT MCGINNIS, | § | |
| | § | |
| Cross-Defendant. | § | |

**ORDER**

Before the Court is Defendant/Counter-Plaintiff Lauren Wylie Donoho's ("Donoho") Motion for Leave to File First Amended Complaint, (Dkt. 99). Plaintiff/Counter-Defendant Big Thirst, Inc. ("Big Thirst") and Cross-Defendant Matt McGinnis ("McGinnis") filed a response in opposition, (Dkt. 100), and Donoho filed a reply, (Dkt. 101). Having considered the parties' briefing, the record, and the relevant law, the Court will grant the motion.

**I. LEGAL STANDARD**

**A. Scheduling Order**

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019). A party is

required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

### B.  Leave to Amend

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

## II. DISCUSSION

### A. Scheduling Order

The scheduling order in this case required parties to file any amended pleadings by June 2, 2023. (Scheduling Order, Dkt. 96). Donoho filed her motion for leave to file her first amended complaint on July 14—approximately a month and a half after the amended pleadings deadline. (Mot., Dkt. 99). Because the amended pleading deadline had expired by the date of Donoho's motion, Rule 16(b)'s standard governs whether she may modify the scheduling order to amend her complaint. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021). Under Rule 16(b)(4), courts should

examine four factors: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ.*, 912 F.3d at 819.

As to the first factor, the parties dispute whether Donoho had good cause. Donoho states that Big Thirst failed to timely agree to a non-disclosure agreement ("NDA") that would allow her to access confidential records, while Big Thirst blames the delay on Donoho's dilatory email responses. (Resp., Dkt. 100; Reply, Dkt. 101). Ultimately, the Court need not allocate blame for the email delays because three other factors support a finding of good cause. First, the delay was relatively minor—just slightly more than a month after the amended pleadings deadline. Second, the Court did not even enter the scheduling order until after the amended pleading deadline had passed. Finally, the initial stages of this litigation were heavily occupied by the cross-motions for civil contempt, which took several months to resolve. (*See* Dkts. 16, 22, 25, 32, 36, 55, 57, 60, 78). Together, the small delay combined with the case's procedural history warrant a finding of good cause.

The modification is also important to Donoho. At the motion to dismiss stage, the Court dismissed several of Donoho's claims without prejudice to refiling with more specificity. (Dkt. 80). The proposed amendments may allow Donoho to plead counterclaims that may remedy the earlier deficiencies. Big Thirst argues that Donoho's amendment cannot be important because her proposed amendment would be futile. (Resp., Dkt. 100, at 3). But futility is already a component of an amendment under Rule 15's more liberal amendment standard. Fed. R. Civ. P. 15(a)(2). The Court can therefore address any futility issues in a full discussion of the merits through a Rule 12 motion. The contested possibility that the claims may fail as a matter of law does not render them unimportant in the context of Rule 16.

Third, Big Thirst and McGinnis are not seriously prejudiced by the late pleading. Indeed, they do not raise the issue in their response. (Dkt. 100). A month-long delay is unlikely to result in serious prejudice in this case when the dispositive motions deadline is six months away and trial is fourteen months away. (Scheduling Order, Dkt. 96). An amended counterclaim in July—as opposed to June—is highly unlikely to alter these deadlines. Finally, in the event that the extra month did push back deadlines, a continuance would still be available for the parties.

Overall, the four factors under Rule 16 warrant a modification of the scheduling order. Accordingly, the only question that remains is whether Donoho's amended complaint meets the more liberal Rule 15 standard for granting leave to amend.

## B. Rule 15 Futility

To determine futility, a court should apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling*, 234 F.3d at 872–73. Big Thirst briefly argues that the Court should deny leave to amend because the amended counterclaims do not rectify the issues identified by this Court's order dismissing several of Donoho's claims. (Resp., Dkt. 110, at 3–4; Order, Dkt. 80). Donoho does not address the issue in her reply. (Reply, Dkt. 102). Overall, while Big Thirst may be correct on the merits, the issue is severely under-briefed. Therefore, the Court will instead address the sufficiency of Donoho's counter/crossclaims with full briefing through a Rule 12 (or Rule 56) motion. Accordingly, it will grant leave to amend without prejudice to Big Thirst and McGinnis filing a renewed motion to dismiss.

## III. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Donoho's motion for leave to amend, (Dkt. 99), is **GRANTED**. The Clerk of the Court is **ORDERED** to file Donoho's First Amended Complaint, (Dkt. 99-1).

In light of the amended pleading, Big Thirst and McGinnis's Motion for Summary Judgment, (Dkt. 91), is **MOOT**.

**SIGNED** on October 3, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE